# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50076
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAUL GONZALEZ,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-98-2

———————————————————

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Raul Gonzalez pleaded guilty to multiple charges stemming from his participation in a drug trafficking conspiracy. He argues the district court erred by denying his motion to suppress evidence seized during a traffic stop because the police officer purportedly lacked reasonable suspicion to prolong

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50076

the stop until a K-9 unit arrived. We review the district court's fact-findings for clear error and its legal determinations de novo.[1]

In a separate appeal brought by Nikky Nicole Lujan, Gonzalez's co-defendant who was driving at the time of the traffic stop, this court characterized the existence of reasonable suspicion to extend the stop as a "close call."[2] But it ultimately found reasonable suspicion based on the totality of the circumstances—Lujan had a prior drug conviction, had just left a house under surveillance for drug dealing, and did not mention stopping at that house when asked about her itinerary.[3] Although unpublished and nonprecedential, *Lujan* is thorough, well-reasoned, and persuasive given near-identical facts. Gonzalez's brief does not address that opinion or make meaningfully different arguments from those the *Lujan* panel considered.[4] Accordingly, we agree with the conclusion that there was reasonable suspicion to prolong the stop.[5] AFFIRMED.

---

[1] *See United States v. Boche-Perez*, 755 F.3d 327, 333 (5th Cir. 2014).

[2] *United States v. Lujan*, No. 24-50030, 2025 WL 673435, at *8 (5th Cir. Mar. 3, 2025) (per curiam), *cert. denied*, No. 24-7465, 2025 WL 2824057 (U.S. Oct. 6, 2025).

[3] *See id*.

[4] *See United States v. Simkanin*, 420 F.3d 397, 417 n.22 (5th Cir. 2005).

[5] *See Lujan*, 2025 WL 673435, at *1–8.